IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

FLORENCE AMADA RAMOS  BUSIGO

XXX-XX-0833

        Debtor(s)

CASE NO. 10-10515 EAG

Chapter 11

FILED & ENTERED ON 07/13/2012

## OPINION AND ORDER

This proceeding is before the court upon the  motion for reconsideration of the order dismissing the captioned case filed by debtor Florence Amada Ramos Busigo and  the  oppositions filed by the Internal Revenue Service and Banco Popular de Puerto Rico (Dkt. Nos. 124, 125 & 126, respectively). For the reasons set forth below, the motion for reconsideration is hereby denied.

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the general order of referral of title 11 proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

I. PROCEDURAL BACKGROUND

On December 12, 2011, the IRS filed a motion  to dismiss the case for cause pursuant to section 1112 (b)(4)(I) of the  Bankruptcy Code upon Ramos' alleged failure to file federal tax returns. The motion filed by the IRS gave notice that the motion could be granted as unopposed if no oppositions were filed within 30 days of the motion being served. (Dkt. No. 95.)

On December 20, 2012, the court entered an order and notice of a hearing for

the IRS' request, which included the following language:

> 1. The debtor shall file an opposition and a request for a hearing within
> fourteen (14) days from notice of this order. 2. If the debtor fails to timely answer, an order may be entered dismissing or converting the  case without further notice or hearing. 3. If a timely opposition is filed, a hearing will be held on 01/11/2012 at 02:00 P.M. before the undersigned, at the U.S. Bankruptcy Court, José V. Toledo Post Office & Courthouse Bldg., 300 Recinto Sur Street, Fifth Floor, Courtroom 5,Old San Juan, Puerto Rico.... (Dkt. No. 105.)

The  record reflects that this order was electronically served on Ramos' attorney that same date and that it was also served on Ramos by first class mail. (Dkt. No. 105 & 109.) The 14-day term to oppose included in the order expired on January 3, 2012, and the record shows no opposition to  the motion to dismiss entered in the case docket by that date.

On January 5, 2012, the IRS filed a motion requesting entry of order of dismissal upon Ramos' failure to oppose the motion to dismiss within the term provided  by  the  court's  order  (Dkt.  No. 116.)   The motion was served electronically to Ramos on that same date. On January 10, 2012, the court entered an order granting the motion to dismiss as unopposed and  the hearing set for January 11, 2012, was set aside. (Dkt. No. 120.)

On January 11, 2012, the Ramos filed  an "urgent" opposition to the IRS's dismissal request alleging, among other things, that Ramos had filed Puerto Rico tax returns. (Dkt. No. 121.) In the motion, Ramos fails to address the fact that by then, the case was already dismissed. <u>Id.</u>

On January 19, 2012, Ramos filed a motion for reconsideration of the order dismissing the case. Ramos alleged that the 30-day-objection term given by the IRS had not expired when the court entered the order dismissing the case. (Dkt. No. 124.) Ramos makes no reference to the order entered by the court on December 20, 2011, and also makes no reference to the IRS motion for entry of dismissal order. Furthermore, the motion fails to present any case   law or statutory authority in support of its request.

The IRS opposed the motion for reconsideration alleging that Ramos failed to

comply with the court's order filed on December 20, 2011, and reiterates Ramos' failure to comply with the missing federal tax returns (Dkt. No. 125.) Banco Popular also opposed pointing out that Ramos is not complying with the payments to the secured creditor, no monthly operating reports were filed, and the record shows that Ramos has no likelihood of rehabilitation. (Dkt. No. 126.)

II.    APPLICABLE LAW AND DISCUSSION:

Federal Rule of Civil Procedure 59 is applicable to bankruptcy proceedings by virtue of Federal Rule of Bankruptcy Procedure 9023. To alter or amend a judgment under Rule 59, the party has to provide a justifiable basis for the court to exercise its discretionary power to grant reconsideration or amendment of the judgment.  In seeking reconsideration, the moving party must present "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change controlling law." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004)

In  this  case, Ramos' motion presented no justifiable grounds for reconsideration under Rule 59. Therefore, this court denies Ramos' motion filed on January 19, 2012 (Dkt. No. 124.)  The case remains dismissed.

WHEREFORE, IT IS ORDERED that Debtor's motion for reconsideration shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 13 day of July, 2012.

Edward A. Godoy
U.S. Bankruptcy Judge

C:    DEBTOR
      NYDIA  GONZALEZ ORTIZ
      IRS
      BPPR
      UST